1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

TYLER G. MILLER,

                    Plaintiff,

     v.

STATE OF WASHINGTON,

                  Defendant.

NO. 3:19-CV-05308-RJB

STATE OF WASHINGTON'S
MOTION TO DISMISS

NOTE FOR MOTION
CALENDAR:  JUNE 7, 2019

### I.     INTRODUCTION AND RELIEF REQUEST

The State of Washington currently follows the will of the State's electorate as expressed in the popular vote in appointing its presidential electors. The State has also adopted—but never implemented—an alternate process where it would follow the will of the national popular vote as to who should be President and Vice President. Plaintiff Tyler Miller seeks a declaration from this Court that Wash. Rev. Code § 29A.56.300, the codification of the alternate process for determining the State's electoral votes, violates several provisions of the U.S. Constitution. Miller's complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) because Miller lacks Article III standing and his claim is not ripe. And even if it was justiciable, Miller's complaint still must be dismissed because his claim is barred by the Eleventh Amendment.

1

## II.     STATEMENT OF THE CASE

### A.     Statutory Background for Washington's Electoral College System

Under the authority granted to the States in Article II, Section 1 of the U.S. Constitution, the Washington Legislature has adopted statutes governing Washington's presidential electors. Wash. Rev. Code § 29A.56. In a presidential election year, each major and each minor political party that nominates candidates for President and Vice President "shall [also] nominate presidential electors for this state." Wash. Rev. Code § 29A.56.320. The party or convention must submit to the Secretary of State a certificate listing the names and addresses of the party's presidential electors. *Id*. The statute also requires that "[e]ach presidential elector shall execute and file with the secretary of state a pledge that, as an elector, he or she will vote for the candidates nominated by that party." *Id*.

The parties' slates of presidential electors do not appear on the general election ballot. Wash. Rev. Code § 29A.56.320. Instead, the votes that Washington voters cast in the general election for candidates for President and Vice President of each political party "shall be counted for the candidates for presidential electors of that political party[.]" Wash. Rev. Code § 29A.56.320. Wash. Rev. Code § 29A.56.300, the statute at issue in this case, provides for a different system where Washington's electoral votes are tied to the national popular vote. This provision was adopted as contingent legislation and would take effect only "when states cumulatively possessing a majority of the electoral votes have enacted this agreement . . . ." Wash. Rev. Code § 29A.56.300, Art. IV. This has not yet occurred.

Once the general election votes are canvassed and certified, the majority of Washington's popular vote for President and Vice President determines the party whose electors will serve in the Electoral College from Washington. Wash. Rev. Code § 29A.56.320, .330. The Secretary of State signs and submits a list of the winning party's electors to the Governor for signature. Wash. Rev. Code § 29A.56.330.

STATE OF WASHINGTON'S MOTION
TO DISMISS  -- NO. 3:19-CV-05308-RJB

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Federal law provides that "[e]ach State may, by law, provide for the filling of any vacancies which may occur in its college of electors when such college meets to give its electoral vote." 3 U.S.C. § 4. State law provides that "[i]f there is any vacancy in the office of an elector occasioned by death, refusal to act, neglect to attend, or otherwise, the electors present shall immediately proceed to fill [the vacancy] by voice vote, and plurality of votes." Wash. Rev. Code § 29A.56.340. Once any vacancies are filled, the electors shall then "proceed to perform the duties required of them by the Constitution and laws of the United States." *Id.* Under the Twelfth Amendment, the electors "shall . . . vote by ballot for President and Vice-President . . . in distinct ballots[.]" "[T]hey shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of government of the United States[.]" U.S. Const. amend. XII; *see also* 3 U.S.C. §§ 10, 11.

**B.   Procedural History**

Miller filed his complaint on April 19, 2019, naming the State of Washington as the defendant. Dkt. No. 1. The complaint seeks a declaratory judgment that Wash. Rev. Code § 29A.56.300, Washington's alternate, but not currently in operation, process for determining the State's electoral votes, is unconstitutional. Dkt. No. 1.

**III.   ARGUMENT**

**A.   Legal Standards on a Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While pro se complaints are to be "construed liberally," they may be "dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to

STATE OF WASHINGTON'S MOTION
TO DISMISS  -- NO. 3:19-CV-05308-RJB

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010). In

2  such a motion, the court must accept as true all material allegations in the complaint and construe

3  it in the non-moving party's favor. *Chandler*, 598 F.3d at 1121. Even so, the complaint must clearly

4  allege facts demonstrating that a justiciable controversy exists. *Warth v. Seldin*, 422 U.S. 490,

5  518 (1975). This is because "any person invoking the power of a federal court must demonstrate

6  standing to do so." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

7  **B.      This Case is Not Justiciable Because of Miller's Lack of Standing and Issues of**
8        **Ripeness**

9          Federal courts do not render advisory opinions or declare rights in hypothetical cases.

10  *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

11  Instead, Article III of the Federal Constitution limits the judicial power of federal courts to

12  deciding "an actual case or controversy[.]" *Hollingsworth*, 570 U.S. at 700 (internal quotation

13  marks omitted). The Court is thus precluded from exercising jurisdiction unless the plaintiff can

14  prove some actual or threatened injury that is fairly traceable to the action challenged and that is

15  likely to be redressed by a favorable decision. *Culinary Workers Union*, *Local 226 v. Del Papa*,

16  200 F.3d 614, 617 (9th Cir. 1999). Further, when the plaintiff seeks declaratory relief, "there

17  must be a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance

18  of a declaratory judgment." *Id.* (alteration in original) (internal quotation marks omitted)

19  (quoting *Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999)). The doctrine of standing

20  addresses whether the plaintiff is the proper party to bring the matter to the court. *Chandler*,

21  598 F.3d at 1122. The doctrine of ripeness addresses whether a matter is "premature for review"

22  because the "purported injury is too speculative and may never occur." *Id.* Both doctrines

23  preclude this Court from considering the merits of Miller's complaint.

24    **1.      Miller lacks standing to declare Wash. Rev. Code § 29A.56.300 because he**
         **cannot allege any "injury in fact."**

25          Standing to bring a claim is a "controlling element[] in the definition of a case or

26  controversy." *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848

1  (9th Cir. 2007) (alteration in original) (quoting *Hein v. Freedom Religion Found., Inc.*, 551 U.S.

2  587, 598 (2007)). The plaintiff must prove that he has suffered an "'injury in fact,' i.e., an

3  'invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual

4  or imminent, not conjectural or hypothetical.'" *Chandler*, 598 F.3d at 1122 (citing *Lujan v.*

5  *Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). He must also prove that the purported

6  injury is fairly traceable to the action challenged and is likely to be redressed by a favorable

7  decision. *Id.* Miller cannot demonstrate any of these elements because he cannot establish the

8  threshold requirement of an "injury in fact."

9       In his complaint, Miller asks this Court to declare Wash. Rev. Code § 29A.56.300

10  unconstitutional. Dkt. No. 1, at 3. However, he does not allege any injury—nor could he—from

11  the mere existence of the statute. Wash. Rev. Code § 29A.56.300 has never been in operation

12  and there is no "actual or imminent" risk of it becoming operative in the near future. In essence,

13  Miller asks this Court to issue an advisory opinion on the constitutionality of the statute. But it

14  is not enough that Miller believes that the statute is unconstitutional to establish that he has a

15  sufficient injury. *See, e.g.*, *Golden v. Zwickler*, 394 U.S. 103, 110 (1969) ("The power of courts

16  . . . to pass upon the constitutionality of acts of [states] arises only when the interests of litigants

17  require the use of this judicial authority for their protection against actual interference.

18  A hypothetical threat is not enough." (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*,

19  330 U.S. 75, 89-90 (1947))). Nor is it enough that Miller has "a keen interest in the issue" or a

20  "generalized grievance" with the statute "no matter how sincere." *Hollingsworth*, 570 U.S. at

21  700, 706. Rather, Miller must show that he "seek[s] relief for an injury that affects him in a

22  personal and individual way." *Id.* at 705. Miller has not alleged and cannot allege any sufficient

23  injury in fact and, therefore, cannot establish the prerequisites for standing. *See Chandler*,

24  598 F.3d at 1122.

25

26

STATE OF WASHINGTON'S MOTION
TO DISMISS  -- NO. 3:19-CV-05308-RJB

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**2.      Any Concern with Wash. Rev. Code § 29A.56.300 for Future Elections is Speculative and Hypothetical, and So the Matter is Not Yet Ripe**

The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Thomas*, 220 F.3d at 1138 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Its purpose is to identify matters that are premature because the injury is speculative or may never occur. *Protectmarriage.com–Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014). The doctrine has both constitutional and prudential components, with the key inquiry being one of "timing" such that the court must be satisfied that the issues are "definite and concrete, not hypothetical or abstract." *Thomas*, 220 F.3d at 1138-39 (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). In other words, the court must assure itself that the plaintiff faces "a realistic danger of sustaining a direct injury as a result of [a] statute's operation or enforcement, or whether the alleged injury is too imaginary or speculative to support jurisdiction." *Thomas*, 220 F.3d at 1139 (citation omitted) (internal quotation marks omitted). There is no immediacy, much less danger of injury here.

Miller seeks a declaration that Wash. Rev. Code § 29A.56.300 is unconstitutional, possibly based on the premise that it might become operative in the next presidential election. The next presidential election is not until November 2020. There are myriad events and occurrences that would have to occur in the intervening time for the statute to become operative in Washington. For instance, additional states with a sufficient number of electoral votes to reach a collective majority would have to enact the agreement. *See* Wash. Rev. Code § 29A.56.300, Art. IV. The Governor would also have to decide whether Washington should continue with the agreement and notify the other participating states that the statute is in effect in Washington. And the Legislature and the Secretary of State would have to determine how to implement the statute via new electoral laws and regulations. *See id.* Miller cannot show that there is plausible risk of these events happening. Moreover, in the intervening time, Miller could bring his policy concerns about the statute before the Washington Legislature, the body that can appropriately

STATE OF WASHINGTON'S MOTION
TO DISMISS  -- NO. 3:19-CV-05308-RJB

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   address this statute. Miller cannot establish that a concrete, definite controversy exists to require

2   this Court's immediate attention.

3          In sum, this case is not justiciable because Miller lacks standing to bring this action and

4   any concerns for the 2020 election are not yet ripe. The Court should dismiss the matter for lack

5   of "case" or "controversy."

6   **C.     The Eleventh Amendment Bars This Complaint Against the State of Washington and the Attorney General**

7

8          The State of Washington alternatively asks this Court to dismiss all claims as barred by

9   the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution provides:

10             The Judicial power of the United States shall not be construed to extend
               to any suit in law or equity, commenced or prosecuted against one of the United
11             States by Citizens of another State, or by Citizens or Subjects of any Foreign
               State.

12   U.S. Const. amend. XI. Miller's complaint names the State of Washington as the defendant in

13   the caption. Dkt. No. 1. He also lists Attorney General Robert Ferguson as the defendant on

14   page 2 of his pro se complaint. Either way, the Eleventh Amendment bars this action.

15          Federal actions cannot be brought against a state, absent that state's consent. *Pennhurst*

16   *State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Washington has not consented to

17   waiver of its Eleventh Amendment immunity. *Yakama Indian Nation v. Washington State Dep't*

18   *of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999). The State's Eleventh amendment immunity

19   extends as well to suits brought by citizens against their own state. *Hans v. Louisiana*, 134 U.S.

20   1, 15 (1890); *see also Townsend v. Univ. of Alaska*, 543 F.3d 478, 484 (9th Cir. 2008) (reiterating

21   holding of *Hans*). And to the extent that Miller named Attorney General Ferguson in an attempt

22   to estop the State of Washington from enforcing Wash. Rev. Code § 29A.56.300, his claims are

23   still barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101. The

24   Eleventh Amendment bars a suit against state officials when "the state is the real, substantial

25   party in interest," regardless whether the plaintiff seeks "damages or injunctive relief." *Id.* at

26   101-02. Here, Miller's sole requested relief is to declare Wash. Rev. Code § 29A.56.300

STATE OF WASHINGTON'S MOTION
TO DISMISS  -- NO. 3:19-CV-05308-RJB

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   unconstitutional—a claim that is appropriate only against the State as a whole. Miller's

2   complaint must be dismissed.

3   **IV.    CONCLUSION**

4          This Court should dismiss this action under Fed. R. Civ. P. 12(b)(1). Miller cannot

5   establish Article III standing and his claims are not ripe. Miller's claims also cannot proceed

6   under the Eleventh Amendment against the State of Washington or Attorney General Ferguson.

7          DATED this 13th day of May 2019.

8                                          ROBERT W. FERGUSON
                                           *Attorney General*
9

                                            *s/ Callie A. Castillo*
10                                         CALLIE A. CASTILLO
                                            *Deputy Solicitors General*
11
                                           PO Box 40100
12                                         Olympia, WA  98504-0100
                                           360-753-6200
13                                         Callie.Castillo@atg.wa.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2      I further certify, under penalty of perjury under the laws of the state of Washington, that

3   on this date I served a true and correct copy of the foregoing document via depositing into the

4   United States Postal Service postage paid on the following:

5

6      Tyler G. Miller
       60000 W Sherman Heights Rd.
7      Bremerton, WA  98312

8      DATED this 13th day of May 2019.

9
                                    *s/ Kristin D. Jensen*
10                                  KRISTIN D. JENSEN
                                    *Confidential Secretary*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26