UNITED STATES DISTRICT C7OURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYLER G. MILLER,<br><br>                    Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>                    Defendant. | CASE NO. 19-5308 RJB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND |

      This matter comes before the Court on the State of Washington's Motion to Dismiss (Dkt. 9), the Plaintiff's Motion for Leave of the Court to File a Response to the State's Reply (Dkt. 15), and the Plaintiff's Motion to Amend Civil Complaint (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

      In this case, the Plaintiff seeks a declaration from the Court that RCW § 29A.56.300A, relating to the State's proposed alternative process of allocating its electoral votes for president, is unconstitutional. Dkt. 1. The State now moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and because the State is immune from suit in federal court pursuant to the Eleventh Amendment to the U.S. Constitution. Dkt. 9. The

Plaintiff moves to amend his complaint. Dkt. 10. For the reasons provided below, Plaintiff's Motion for Leave of the Court to File a Response to the State's Reply (Dkt. 15) should be granted, the State's motion to dismiss (Dkt. 9) should be granted, the Plaintiff's motion to amend (Dkt. 10) should be denied, and the case dismissed.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

On July 26, 2009, Washington State joined the National Popular Vote Interstate Compact, with the adoption of RCW § 29A.56.300. Under this statute, Washington's electoral votes for president and vice president could be tied to the national popular vote. RCW § 29A.56.300. Parties do not dispute that the process described in RCW § 29A.56.300 has not been followed. RCW § 29A.56.300 provides that it "shall take effect when states cumulatively possessing a majority of the electoral votes have enacted this agreement in substantially the same form and the enactments by such states have taken effect in each state." *Id.* Further, there are no allegations regarding when the process might be followed.

On March 15, 2019, a bill was introduced in the Washington State Legislature to repeal RCW § 29A.56.300 and to withdraw from the interstate compact to elect the president by national popular vote, which is at issue here. 2019 Washington House Bill No. 2146, Washington Sixty-Sixth Legislature - 2019 Regular Session. The bill has been referred to committee. *Id.*

### B. PROCEDURAL HISTORY

The Plaintiff filed his complaint on April 19, 2019, he alleges that RCW § 29A.56.300 "violates Article 1, § 10, cl. 3 of the Constitution by entering Washington into a compact agreement with other states that increases the political power of the member-states over non-

member states." Dkt. 1, at 3.  He maintains that "[i]t proscribes a method of Elector selection which violates the rights citizens in both member and non-member states protected under Article 4, § 2, cl. 1 and Amendment 14, § 1." *Id.*

In his proposed amended complaint, the Plaintiff additionally maintains that RCW § 29A.56.300 harms him because:

> 1) It requires that Mr. Miller have an elective franchise role in the selection of State Electors via a state-wide popular vote and then directs that the State disregard the results of that election, and Mr. Miller's vote, when actually appointing the Electors. 2) It grants the citizens of other States the right of suffrage in Washington State while granting no reciprocal suffrage to Mr. Miller or other Washington citizens. 3) It requires that the State give privilege to the votes of non-citizens over that of Mr. Miller and other Washington citizens in the appointment of the State's Presidential Electors. 4) It dilutes Mr. Miller's suffrage by expanding the body politic of the electorate beyond Washington State lines of sovereignty and jurisdiction, creating a Federal Voting Class that encroaches upon Federal authority. 5) It allows the laws of other States concerning, *inter alia,* elector qualifications to alter and control the laws of Washington State against the will and without the consent of the citizens of Washington State.

Dkt. 10-1, at 3-4.  In addition to the constitutional provisions referenced above, the Plaintiff lists "Article 2, § 1, cl. 2," "Amendment 14 § 2," "28 U.S.C. 1331, 1343, 1357; and 42 U.S.C. 1983, 1985, and 1988" as being "at issue in this case." *Id.*

The Plaintiff seeks a declaration that RCW § 29A.56.300 is unconstitutional and that it "be struck from the Revised Code of Washington."  Dkt. 1 and 10-1.

### C. PENDING MOTIONS

The State of Washington moves to dismiss the Complaint, arguing that the case is not justiciable because the Plaintiff lacks standing, his concerns relating to future elections are not ripe, and the Eleventh Amendment bars the case.  Dkt. 9.  The Plaintiff responds and opposes the motion.  Dkt. 11.  After the State filed its Reply (Dkt. 13), the Plaintiff filed a motion to file a response to the State's reply (Dkt. 15) and attached a proposed Response to Defendant's Reply (Dkt. 15-1).

ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND - 3

The Plaintiff also moves to amend his complaint (Dkt. 10) and attaches a proposed amended complaint (Dkt. 10-1). The State responds and argues that the proposed amended complaint suffers from the same jurisdictional defects found in the original complaint. Dkt. 12. The Plaintiff filed a reply (Dkt. 14) and the motions are ripe for review.

### D. ORGANIZATION OF OPINION

This opinion will first consider Plaintiff's motion to file a response to the State's reply (Dkt. 15), then repeat the standard on both the motion to dismiss and motion for leave to amend a complaint. It will go on to address the motion to dismiss and motion for leave to amend the complaint in the context of whether the Plaintiff has established standing and whether the case is ripe for review.

## II. DISCUSSION

### A. CONSIDERATION OF PLAINTIFF'S RESPONSE TO THE STATE'S REPLY

While ordinarily not allowed under the Federal Rules of Civil Procedure or the Local Rules of the Western District of Washington, the Plaintiff's motion for leave of Court to file a response to the State's reply (Dkt. 15) should be granted. To fully consider all issues in the case, the Court considered the Plaintiff's additional pleading (Dkt. 15-1).

### B. STANDARD FOR MOTION TO DISMISS

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

*Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### C. STANDARD ON MOTION FOR LEAVE TO AMEND COMPLAINT

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143 (9th Cir. 2011).

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### D. LACK OF STANDING

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or

ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND - 5

controversies. One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*). "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019).

The State's motion to dismiss should be granted and the Plaintiff's motion for leave to file an amended complaint should be denied. Plaintiff's Complaint and his proposed amended complaint fail to establish that the Plaintiff has suffered an injury in fact "that is concrete and particularized, and actual or imminent." Further opportunities to amend would be futile. There is no showing that the Plaintiff has been actually injured, in a concrete and particularized manner, by the State's entry into the compact. His alleged injury is based only on the possibility of a future injury, one which has not happened and may not happen. The Plaintiff's alleged injuries have only the possibility of occurring if more states agreed to join the compact. He fails to demonstrate that his alleged injuries are imminent. "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." *Clapper,* at 409. A "threatened injury must be **certainly** impending to constitute injury in fact." *Id.* (*emphasis added*). Plaintiff's "allegations of possible future injury are not sufficient." *Id.* His theory of standing relies on a "highly attenuated chain of possibilities" and does not satisfy "the requirement that the threatened injury . . . be certainly impending." *Id.,* at 410. The Plaintiff has failed to carry his burden to show that he has standing to bring this case.

ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND - 6

**E. RIPENESS**

"The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010)(*internal quotation marks and citation omitted*). "Through avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in abstract disagreements." *Id.* "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing." *Id.*, at 1058.

The motion to dismiss should be granted because the case is not ripe. As stated above in Section B. "Lack of Standing," the injuries the Plaintiff alleges are speculative and may never occur. The Plaintiff does not allege a substantial risk of injury for the 2020 presidential election or any election after that. "This dispute is more an abstraction than an actual case because the supposed injury has not materialized and may never materialize." *Montana Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1190 (9th Cir. 2014).

Further, the Plaintiff's proposed amended complaint does not resolve this jurisdictional issue. His motion for leave to amend should be denied because it is "absolutely clear that no amendment can cure the defect." *Lucas,* at 248.

**F. CONCLUSION**

The motion to dismiss should be granted because the Plaintiff has failed to establish that he has standing or that the issues in the case are ripe for review. The Plaintiff's proposed amended complaint does not cure these core failings – no amendment could - and so the motion for leave to amend should be denied. The Court need not reach the State's alternative grounds to dismiss the case under the Eleventh Amendment. This case should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The State of Washington's Motion to Dismiss (Dkt. 9) **IS GRANTED**;
- The Plaintiff's Motion for Leave of the Court to File a Response to the State's Reply (Dkt. 15) **IS GRANTED**;
- The Plaintiff's Motion to Amend Civil Complaint (Dkt. 10) **IS DENIED**; and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of June, 2019.

ROBERT J. BRYAN
United States District Judge